IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-11007

_____

JOELINE WIEBURG,

Plaintiff-Appellant,

HARVEY MORTON, Bankruptcy Trustee,

Appellant,

versus

GTE SOUTHWEST INCORPORATED, doing business as
GTE Texas/New Mexico; GTE SERVICE CORPORATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas

_____

November 20, 2001

Before JOLLY, SMITH, and WIENER, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Joeline Wieburg was employed by GTE Southwest. She was fired.
Soon, she filed for bankruptcy and her debts were discharged. She
then returned to her earlier grievance and sued GTE for
discriminatory discharge. She had not, however, disclosed this
claim in her bankruptcy filings. On motion of GTE, the district
court dismissed her complaint. The court held that she lacked
standing because the claim was property of the bankruptcy estate;
thus Harvey Morton, the Trustee, was the real party in interest.

We agree that the Trustee is the real party in interest. We hold, however, that the district court abused its discretion by dismissing her complaint without explaining why ratification by, or joinder of, the Trustee were not appropriate alternatives. We therefore vacate the judgment as to GTE Southwest Incorporated, and remand the case to the district court for further proceedings. We affirm the dismissal of GTE Service Corporation.

I

Wieburg was discharged by GTE Southwest, Inc. on August 29, 1996. Nearly three months later, on November 18, she and her husband filed for Chapter 7 bankruptcy. The following February, Wieburg wrote a letter to the Equal Employment Opportunity Commission ("EEOC"), stating that the letter was an official charge of discrimination based on age and sex. Approximately two months later, on April 9, 1997, Wieburg was adjudged bankrupt and her debts of approximately $40,000 were discharged. Three weeks later, on April 30, Wieburg filed formal discrimination charges against GTE with the EEOC.

In August 1998, Wieburg filed this action against GTE. Shortly after her suit was filed, the bankruptcy court -- still unaware of her discrimination claim -- approved the Trustee's final report, which closed Wieburg's bankruptcy case.

During Wieburg's deposition in September 1999, GTE's counsel learned of Wieburg's bankruptcy and the non-disclosure of her discrimination claims during her bankruptcy proceeding. GTE moved

2

to dismiss Wieburg's complaint, asserting that her claims were property of the bankruptcy estate and, therefore, the Chapter 7 bankruptcy Trustee had exclusive standing to assert them. In addition, GTE informed the Trustee of Wieburg's pending claims.

A few weeks later, the bankruptcy court granted the Trustee's motion to reopen Wieburg's bankruptcy case. Wieburg initiated an adversary proceeding in the bankruptcy court in which she asserted that her claims were not the property of the bankruptcy estate. In response to GTE's motion to dismiss filed in the district court, Wieburg sought a stay of the motion pending the bankruptcy court's ruling or an agreement between her and the Trustee and, if appropriate, joinder of the Trustee as a real party in interest. On December 6, 1999, the district court entered an agreed order staying the action.

Wieburg and the Trustee reached a settlement of the bankruptcy adversary proceeding, memorialized in a January 11, 2000, letter from Wieburg's counsel to the Trustee:

> [Wieburg's] claims against GTE ... are property of the bankruptcy estate, not subject to exemption. However, the trustee shall file an application to retain [Wieburg's counsel] as counsel to pursue the claims on behalf of the estate and in that regard, the claims will be pursued in her name without formal intervention by you as trustee in the action, and the decision to settle the claims at any level or pursue the claims to trial will exclusively be within her control and mine as her counsel, subject to the obligation that any monies received by way of settlement or judgment be used first, before any attorney's fees are paid to me or any proceeds are paid

3

> to her, to pay the finally allowed priority, administrative and unsecured claims of her creditors in her bankruptcy case and your trustee's fees and any expenses you may incur in connection with the civil action, <u>all subject to the approval of the bankruptcy court</u>....

(Emphasis added.) The Trustee signed the letter, approving its terms.

The January 11 letter was read into the record and made an exhibit at a hearing in the bankruptcy court on January 12. In short time, the Trustee filed, first, a motion to retain Wieburg's counsel as counsel for the bankruptcy estate and, second, a Notice of Intent to Settle and Compromise, setting forth the terms of the settlement. The bankruptcy court granted the motion to employ Wieburg's attorney as counsel for the estate and, on March 3, 2000, authorized the Trustee to settle the bankruptcy adversary proceeding consistent with his Notice of Intent.

On April 28, 2000, GTE supplemented its motion to dismiss. It asserted that Wieburg had had a reasonable time to join or substitute the Trustee, and that her claims should be dismissed or, alternatively, she should be ordered to join or substitute the Trustee as the real party in interest. In response, Wieburg contended that, in accordance with her agreement with the Trustee, she was properly pursuing the action without substitution or joinder by the Trustee and that, at most, the Trustee should be joined as a nominal co-plaintiff. Alternatively, Wieburg requested

4

that the Trustee be joined, but not substituted, as a party in interest.

On May 18, 2000, the district court granted GTE's motion to dismiss. It held that Wieburg lacked standing because the Trustee was the real party in interest. The district court stated that Wieburg's reliance on the settlement agreement was misplaced, because the bankruptcy court had held that Wieburg's discrimination claims are property of the bankruptcy estate and that the bankruptcy court did not "even allude to the purported agreement." Thus, the district court interpreted the bankruptcy court's order as indicating that the Trustee is the only proper plaintiff to pursue Wieburg's discrimination claims.

Wieburg moved to vacate the judgment. She argued that there was no just basis for dismissing the action without allowing an opportunity for the Trustee to be joined or substituted. Although the Trustee was not a party to the action, Wieburg's counsel represented in the motion that the Trustee joined in seeking vacatur of the district court's judgment. On August 28, 2000, the district court denied the motion. Wieburg, again joined by the Trustee, has now timely appealed to us the judgment and the order denying her motion to vacate. We first turn to address some preliminary matters.

II

The Trustee was not a party in district court and has not sought to intervene in this appeal. Accordingly, the Trustee's appeal must be dismissed. See Karcher v. May, 484 U.S. 72, 77 (1987) ("one who is not a party or has not been treated as a party to a judgment has no right to appeal therefrom"); McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) ("One cannot be an appellant here unless he had been a party in the court below and has taken the prescribed steps for the perfection of his appeal.").

III

Wieburg conceded in district court that GTE Service Corporation was not her employer and was thus subject to dismissal. We therefore affirm the dismissal of GTE Service Corporation. We now turn to address the issues presented in this appeal.

IV

The first question before us is whether the district court erred in concluding that Wieburg lacks standing to pursue her discrimination claims. GTE argues that the Trustee has exclusive standing to assert these claims. We will review de novo this legal question. See Cadleway Properties, Inc. v. Andrews (In re Andrews), 239 F.3d 708, 710 n.3 (5th Cir. 2001).

A

Our determination of the proper party to assert Wieburg's discrimination claims is governed by Rule 17(a) of the Federal Rules of Civil Procedure. It requires that "[e]very action shall

6

be prosecuted in the name of the real party in interest." "The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." Farrell Construction Co. v. Jefferson Parish, La., 896 F.2d 136, 140 (5th Cir. 1990). The purpose of this provision "is to assure a defendant that a judgment will be final and that res judicata will protect it from having to twice defend an action, once against an ultimate beneficiary of a right and then against the actual holder of the substantive right." Id. at 142.

Wieburg filed for bankruptcy after the events giving rise to her discrimination claims had occurred. Therefore, consistent with the settlement agreement between Wieburg and the Trustee, the Trustee's Notice of Intent, and the bankruptcy court's approval order, all of which refer to the claims as property of the bankruptcy estate not subject to exemption, those claims are property of the bankruptcy estate and should have been disclosed in Wieburg's bankruptcy schedules. See 11 U.S.C. § 541(a) (defining property of bankruptcy estate); Browning Manufacturing v. Mims (In re Coastal Plains, Inc.), 179 F.3d 197, 207-08 (5th Cir. 1999) (debtor has duty to disclose all potential causes of action), cert. denied, 528 U.S. 1117 (2000); Schertz-Cibolo-Universal City, Indep. School Dist. v. Wright (Matter of Educators Group Health Trust), 25 F.3d 1281, 1283 (5th Cir. 1994) (property of bankruptcy estate includes causes of action). Because the claims are property of the

7

bankruptcy estate, the Trustee is the real party in interest with exclusive standing to assert them.  See id. at 1284; Feist v. Consolidated Freightways Corp., 100 F.Supp.2d 273, 274-75 (E.D. Pa. 1999), aff'd, 216 F.3d 1075 (3d Cir. 2000), cert. denied, 121 S.Ct. 1357 (2001); Harris v. St. Louis University, 114 B.R. 647, 649 (Bankr. E.D. Mo. 1990).

B

Wieburg contends, however, that her settlement agreement with the Trustee granted her the right to pursue the claims in her own name without joinder or substitution of the Trustee.  She notes that Rule 17(a) authorizes "a party with whom or in whose name a contract has been made for the benefit of another ... [to] sue in that person's own name without joining the party for whose benefit the action is brought."  She contends that the settlement agreement is such a contract.  The district court, however, held that Wieburg's reliance on the settlement agreement was misplaced.  It observed that the bankruptcy court had held that the claims were property of the estate and that the bankruptcy court did not "even allude to the purported agreement envisaged in the January 11 letter".  Thus, the district court interpreted the bankruptcy court's order as holding that only the Trustee had standing to pursue Wieburg's discrimination claims.

It appears that the district court misread the bankruptcy court's order, at least insofar as the district court concluded that the bankruptcy court did not "even allude" to the settlement

8

agreement between Wieburg and the Trustee. The bankruptcy court's order approving the settlement states that the "Trustee is authorized to settle and compromise this adversarial proceeding consistent with his Notice of Intent." The Trustee's Notice of Intent detailed the terms of the agreement between Wieburg and the Trustee, including the provision that the claims were property of the bankruptcy estate and the provision permitting Wieburg to pursue the claims on behalf of the estate. A copy of the January 11 letter was attached as an exhibit. In addition, in bankruptcy court proceedings prior to the filing of the Notice of Intent, the contents of the January 11 letter were read into the record with a note that creditors were to be notified of the agreement. Thus, it appears that the bankruptcy court was aware of the terms of the settlement when it entered its order approving the settlement, and that the district court's statement that the bankruptcy court did not allude to the settlement agreement is in error. Indeed, we can only conclude that the bankruptcy court approved the settlement allowing Wieburg to prosecute her suit. Thus we must determine whether the settlement agreement satisfied the requirements necessary to confer standing on Wieburg.

In this connection, GTE contends that, despite the bankruptcy court's approval of the settlement agreement, the agreement is insufficient to confer standing on Wieburg, because the Trustee had no authority under substantive bankruptcy law to assign to Wieburg the right to pursue claims belonging to the bankruptcy estate. GTE

contends further that, even assuming the Trustee had such authority, the particular assignment at issue is improper because Wieburg's attorney had a conflict of interest -- that is, because Wieburg owed her creditors more than $40,000, she and her attorney had no incentive to settle the claims unless the settlement exceeded $40,000, even if a lesser offer might have been in the best interests of creditors.

It is unnecessary for us to consider GTE's challenge to the Trustee's authority to enter into the settlement agreement, or the purported conflict of interest, because we conclude that the settlement agreement does not satisfy the requirements of Rule 17 (a), and consequently does not authorize Wieburg to pursue the discrimination claims solely in her own name.

It is true that the settlement agreement grants Wieburg the right to pursue the discrimination claims in her own name without intervention by the Trustee. Nevertheless, it clearly recognizes that the claims belong, not to Wieburg, but to the bankruptcy estate. Importantly, because the claim remains the property of the bankruptcy estate, the settlement agreement does not give any assurance to GTE that the principle of res judicata will protect it from having to defend itself against the claims once again in a later action by the Trustee. Wieburg's counsel apparently recognized this defect in the settlement agreement, as reflected in his May 5, 2000, letter to the district court's law clerk, in which he stated that he was seeking confirmation from the Trustee of his

being bound by any settlement or judgment.  See <u>Big John, B.V. v. Indian Head Grain Co.</u>, 718 F.2d 143, 147 (5th Cir. 1983) (formal joinder or substitution of real party in interest not necessary when he ratifies commencement of action); <u>Naghiu v. Inter-Continental Hotels Group, Inc.</u>, 165 F.R.D. 413, 421 (D. Del. 1996) (proper ratification requires ratifying party to authorize continuation of action and agree to be bound by result).  The record contains no indication that such confirmation was ever given by the Trustee.  Accordingly, the settlement agreement does not satisfy the fundamental purpose of Rule 17(a) -- assuring GTE that res judicata will protect it from having to defend itself twice -- and thus is inadequate to authorize Wieburg to pursue her discrimination claims solely in her own name.  We therefore agree with the district court that the Trustee is the real party in interest and that Wieburg lacked standing to pursue the discrimination claims solely in her own name.

Having concluded that the Trustee is the real party in interest, we now turn to consider the propriety of the district court's dismissal of the action. Wieburg contends that the district court erred by dismissing the claims without allowing her the opportunity to join or substitute the Trustee. GTE counters that the dismissal of the action was not an abuse of discretion because Wieburg had seven months during which she could have obtained the Trustee's ratification, joinder, or substitution but, instead, deliberately chose not to do so.

The last sentence of Rule 17(a) provides that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." FED. R. CIV. P. 17(a). According to the Advisory Committee's Notes, this provision was added "simply in the interests of justice" and "is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." FED. R. CIV. P. 17(a) Advisory Committee Notes, 1966 Amendment.

We review the district court's refusal to order the ratification, joinder, or substitution of the Trustee for abuse of discretion. See Scheufler v. General Host Corp., 126 F.3d 1261, 1270, 1272 (joinder or ratification of real party in interest under

12

Rule 17(a)); <u>see also</u> <u>Equal Employment Opportunity Comm'n v. Brown & Root, Inc.</u>, 688 F.2d 338, 341 (5th Cir. 1982) (joinder, Rules 19 and 21); <u>Collateral Control Corp. v. Deal (Matter of Covington Grain Co., Inc.)</u>, 638 F.2d 1357, 1360 (5th Cir. 1981) (substitution, Rule 25).

In accordance with the Advisory Committee's note, most courts have interpreted the last sentence of Rule 17(a) as being applicable only when the plaintiff brought the action in her own name as the result of an understandable mistake, because the determination of the correct party to bring the action is difficult. <u>See</u> <u>Advanced Magnetics, Inc. v. Bayfront Partners, Inc.</u>, 106 F.3d 11, 20 (2d Cir. 1997) (district court retains discretion to dismiss action where there was no reasonable basis for naming incorrect party); <u>Feist</u>, 100 F.Supp.2d at 276 ("Rule 17(a) should not be applied blindly to permit substitution of the real party in interest in every case. In order to substitute the trustee as the real party in interest, Plaintiff must first establish that when he brought this action in his own name, he did so as the result of an honest and understandable mistake."); <u>Lans v. Gateway 2000, Inc.</u>, 84 F.Supp.2d 112, 120 (D.D.C. 1999) ("it is appropriate to liberally grant leave to substitute a real party in interest when there has been an honest mistake in choosing the nominal plaintiff, meaning that determination of the proper party was somehow difficult at the time of the filing of the suit, or that the mistake is otherwise understandable."), <u>aff'd</u>, 252 F.3d

13

1320 (Fed. Cir. 2001); <u>South African Marine Corp. v. United States</u>, 640 F.Supp. 247, 254-55 (Ct. Int'l Trade 1986) (Rule 17(a) "should be used to prevent forfeiture and injustice where the determination as to who may sue is difficult").

In dismissing the complaint and denying the motion to vacate, the district court did not address whether Wieburg had a reasonable time after GTE's objection during which to obtain joinder, ratification, or substitution of the Trustee, or whether her decision to pursue the action in her own name was the result of an understandable mistake. More importantly, it is unclear whether the district court considered the impact of the dismissal on Wieburg's creditors, who are owed approximately $40,000. Because the statute of limitations has expired, the Trustee is precluded from asserting the discrimination claims in a subsequent action. Thus, the district court's dismissal of the action means that the creditors will have no possibility of any recovery. Under these circumstances, and in the light of Rule 17(a)'s purpose of preventing forfeitures, we believe that it was an abuse of discretion for the district court to dismiss the action without explaining why the less drastic alternatives of either allowing an opportunity for ratification by the Trustee, or joinder of the Trustee, were inappropriate. <u>See</u> <u>Sun Refining & Marketing Co. v.</u>

14

<u>Goldstein Oil Co.</u>, 801 F.2d 343, 345 (8th Cir. 1986) (Rule 17(a) designed to avoid unjust forfeiture of claims).[*]

VI

For the foregoing reasons, the judgment of the district court is AFFIRMED as to the dismissal of GTE Service Corporation. In all other respects, the judgment is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.

AFFIRMED IN PART; VACATED IN PART; AND REMANDED.

---

[*]In the light of our conclusion that the dismissal was an abuse of discretion under Rule 17(a), we do not address Wieburg's argument that dismissal also is precluded by Rules 19, 21, and 25.