United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 2, 2003**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

---

ɱ 02-11217
Summary Calendar

---

JOELINE WIEBURG,

Plaintiff-Appellant,

HARVEY MORTON,
TRUSTEE FOR RICHARD CARL WIEBURG AND JOELINE JOYCE WIEBURG,

Movant-Appellant

VERSUS

GTE SOUTHWEST INCORPORATED,
doing business as GTE Texas/New Mexico;
AND
GTE SERVICE CORPORATION,

Defendants-Appellees.

---

Appeals from the United States District Court
for the Northern District of Texas
ɱ 3:98-CV-2057-R

---

Before HIGGINBOTHAM, SMITH, and
    CLEMENT, Circuit Judges.

PER CURIAM:[*]

Joeline Wieburg appeals the dismissal, for failure to name the real party in interest, of her employment discrimination suit against GTE Southwest ("GTE"). *See* FED. R. CIV. P. 17(a). We review a dismissal under rule 17(a) for abuse of discretion. *Wieburg v. GTE Southwest, Inc.*, 272 F.3d 302, 308 (5th Cir. 2001). Finding no abuse of discretion, we affirm.[1]

I.

This case is before us for the second time. In the first appeal, we extensively stated the facts, *id.* at 303-05, which we now review briefly.

GTE fired Wieburg in 1996, and she filed for bankruptcy a few months later. She received a discharge from the bankruptcy court in early 1997. Three weeks later, she filed a charge of discrimination against GTE with the Equal Employment Opportunity Commission. She sued GTE in August 1998.

During her deposition in September 1999, GTE learned of Wieburg's bankruptcy and that she had not disclosed her employment discrimination claims to the trustee. GTE no-tified the trustee and moved to dismiss Wieburg's complaint, arguing that the claim belonged to the bankruptcy estate and therefore that the trustee was the real party in interest.

The district court stayed the motion pending determination by the bankruptcy court of who owned the claims. Wieburg and the trustee entered a settlement agreement in January 2000 stating that the claim belonged to the estate but that the trustee would retain Wieburg's counsel, who would prosecute this action in Wieburg's name.

In April 2000, GTE supplemented its motion to dismiss, arguing that Wieburg should join or substitute the trustee, otherwise her suit should be dismissed. In May 2000, the district court consulted with Wieburg's counsel, who agreed to submit proof that the trustee had agreed to be bound by any judgment. Yet, Wieburg days later filed her response to GTE's motion to dismiss, arguing that she properly could prosecute the suit without substitution, joinder, or ratification of the trustee. The court shortly thereafter granted GTE's motion to dismiss a few days later.

We affirmed in most respects. We agreed that the trustee was the real party in interest. *Id.* at 305-06. Furthermore, we held that the settlement agreement did "not authorize Wieburg to pursue the discrimination claims solely in her own name." *Id.* at 307. We held, however, that "it was an abuse of discretion for the district court to dismiss the action without explaining why the less drastic alternatives of either allowing an opportunity for ratification by the [t]rustee, or joinder of the [t]rustee, were [*sic*] inappropriate." *Id* at 309. We therefore vacated the judgment and remanded so the court could explain its reasons for the dismissal. *Id.*

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Once again, "[t]he [t]rustee was not a party in district court and has not sought to intervene in this appeal. Accordingly, the [t]rustee's appeal must be dismissed." *Wieburg*, 272 F.3d at 305.

In so doing, we noted that

> the district court did not address whether Wieburg had a reasonable time after GTE's objection during which to obtain joinder, ratification, or substitution of the [t]rustee, or whether her decision to pursue the action in her own name was the result of an understandable mistake. More importantly, it is unclear whether the district court considered the impact of the dismissal of Wieburg's creditors, who are owed approximately $40,000.

*Id.* at 308-09. On remand, the district court addressed all three of these questions at length, finding that Wieburg's prosecution of this suit in her own name did not result from an honest mistake; that she had a reasonable time after GTE's objection to obtain joinder, ratification, or substitution of the trustee; and that dismissal would not seriously harm her creditors. The court therefore dismissed the suit again.

## II.

"Every action shall be prosecuted in the name of the real party in interest. . . . No action shall be dismissed on th[is] ground . . . until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest[.]" FED. R. CIV. P. 17(a). This last sentence is "applicable only when the plaintiff brought the action in her own name as the result of an understandable mistake," as opposed to calculation or neglect. *Wieburg*, 272 F.3d at 308. To avoid dismissal, therefore, a plaintiff who is not the real party in interest must show, first, that he sued in his own name based on an understandable mistake and, second, that he did not have a reasonable time to correct the pleading deficiency. *See id.*

at 308.[2]

We vacated and remanded the court's first dismissal not because we necessarily disagreed, but because the court made no factual findings for us to review for a possible abuse of discretion. Now that we have the court's reasons, we conclude that it did not abuse its discretion by dismissing the suit.

## A.

We assume *arguendo* that Wieburg sued in her own name based on an understandable mistake and address whether she had a reasonable time to correct the pleading deficiency. The court found that she had seven months to satisfy rule 17(a), a reasonable time of which she did not take advantage. We agree.

GTE objected to Wieburg's complaint in October 1999, and the court dismissed the suit in May 2000. Throughout this seven-month period, Wieburg repeatedly failed to obtain ratification, joinder, or substitution of the trustee. At any point, she easily could have corrected the pleading deficiency; instead, she went to great lengths to remain the sole plaintiff. She sued the trustee in bankruptcy court, asserting that the claims belonged to her. She sought and received a stay of the motion to dismiss from the district court. She entered an artful settlement agreement with the trustee that only appeared to bind him to any judgment. When prodded by the court, her counsel agreed to submit a formal ratification

---

[2] 6A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1555, at 415-16 (2d ed. 1990) (explaining that only plaintiffs whose pleading error resulted from understandable mistake should receive a reasonable time to correct the error).

3

from the trustee, but instead submitted a brief arguing that Wieburg did not need to obtain substitution, joinder, or ratification.

"What constitutes a reasonable time is a matter of judicial discretion and will depend upon the facts of each case." 6A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1555, at 417 (2d ed. 1990). Seven months is more than reasonable, especially after Wieburg fully demonstrated her intent not to surrender control of this suit. There is no abuse of discretion.

## B.

We also requested that the court "consider[ ] the impact of the dismissal on Wieburg's creditors." *Wieburg*, 272 F.3d at 309. The court found that a dismissal would have only a negligible effect on her creditors, because any recovery was highly speculative at this early stage, and the dismissal would not alter their position, i.e., their unpaid debt would remain unpaid.

We agree that the dismissal has at most a negligible effect on Wieburg's creditors. As the court found, recovery was highly speculative. The court had not even ruled on GTE's summary judgment motion yet, the crucible for most employment discrimination suits. Any recovery would be spread among eight creditors, large corporations whose financial condition hardly rises or falls with their small share of Wieburg's debts. Finally, these creditors could have protected their interests more effectively in bankruptcy court after that court re-opened Wieburg's case in late 1999. In particular, they could have encouraged the trustee, their legal representative, not to enter the flawed settlement agreement; failing that, they could have challenged the agreement. There is no abuse of discretion.

AFFIRMED.