Jimmy M. JAMES, Plaintiff,

v.

TRUSTMARK NATIONAL
BANK, Defendant.

No. CIV.A. 4:01CV83MD.

United States District Court,
N.D. Mississippi,
Greenville Division.

Sept. 5, 2003.

Levi Boone, III, Boone Law Firm, Cleveland, MS, for Jimmy M. James, And Other Unknown Parties in Interest, debtor.

Jeffrey A. Levingston, Levingston & Levingston, Cleveland, MS, for Jeffrey A. Levingston, Bankruptcy Trustee for the Estate of Jimmy M. James, plaintiff.

Christopher A. Shapley, William Easom Jones, III, Brunini, Grantham, Grower & Hewes, Jackson, MS, for Trustmark National Bank, defendant.

### ORDER REINSTATING SEPTEMBER 19, 2002 ORDER

MILLS, District Judge.

This cause comes before the court on the defendant's motion to reinstate the court's order of September 19, 2002, substituting the bankruptcy trustee as the plaintiff [47–1]. This court finds that the motion is well-taken and should be granted.

The history of this case is instructive on this issue. In July 2002, plaintiff's counsel (Levi Boone) and the bankruptcy trustee,

presented the United States Bankruptcy Judge, without notice to the defendant, a motion allowing Jimmy James, rather than the bankruptcy trustee, to be the named plaintiff in this action. The Bankruptcy Judge, unaware of pending motions in the district by the defendant opposing James' authority to pursue the claims, entered an order on July 22, 2002, allowing James to be the named plaintiff in the case.

On September 19, 2002, this court entered an order substituting the bankruptcy trustee as the proper party plaintiff. Subsequent to the entry of that order, Levi Boone advised this court of the Bankruptcy Judge's order of July 22, 2002, and provided it with a copy of the order by telefax. For that reason and because the Bankruptcy Judge had scheduled a hearing on the defendant's motion to reconsider the ruling in his order of July 22, 2002, this court vacated and withdrew its September 19, 2002, order. Thereafter, the Bankruptcy Judge held a hearing on October 11, 2002, and vacated his July 22, 2002, order. In his October 11, 2002 order, the Bankruptcy Judge stated that the previous order had been presented to him without any notice to the defendant and that the court had not been advised that there were multiple motions pending in the district court in which the defendant opposed James' authority to pursue the claims. He further stated that he would not have entered the July 22 order had he been aware of the circumstances and that the "standing issue" should be resolved by the district court.

Counsel for the defendant informed this court of the results of the hearing by letter of October 14, 2002, and requested that the court reinstate its September 19, 2002, order. The defendant also moved the court to reinstate the September 19, 2002, order since the Bankruptcy Judge's order had been vacated.

The plaintiff argues that the Bankruptcy Judge did not deal with the substantive issue which he identifies as whether the "trustee ratified Jimmy James' action of being substituted as the plaintiff when the trustee consents to the action and agrees to be bound by the results." Although this court considered and rejected this argument in its September 19 order, the court restates its position herein. James maintains that pursuant to *Fed. R. Civ. P 17(a)* and in accordance with *Wieburg v. GTE,* 272 F.3d 302 (5th Cir.2001), the trustee has "ratified" his pursuit of this lawsuit and that, therefore, James can remain the plaintiff in this action. *Rule 17(a)* in pertinent part provides that:

> Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

▇ Though the last sentence of *Rule 17(a)* permits the real party in interest to ratify commencement of an action by another party plaintiff, the Fifth Circuit has explained when the ratification provision is

applicable. "[T]his provision was added 'simply in the interests of justice' and 'is intended to prevent forfeiture when (1) determination of the proper party to sue is difficult or when (2) an understandable mistake has been made.'" *Wieburg v. GTE*, 272 F.3d 302, 308 (5th Cir.2001) (citing *Fed.R.Civ.P. 17(a)* Advisory Committee Notes, 1966 Amendment).

"In accordance with the Advisory Committee's note, most courts have interpreted the last sentence of *Rule 71(a)* as being **applicable only when the plaintiff brought the action in her own name as the result of an understandable mistake, because the determination of the correct party to bring the action is difficult.** *Id.* (citing *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997) (district court retains discretion to dismiss action where there was no reasonable basis for naming incorrect party); *Feist v. Consolidated Freightways Corp.*, 100 F. Supp 2d 273, 276 (E.D.Pa. 1999) ('*Rule 17(a)* should not be applied blindly to permit substitution of the real party in interest in every case. In order to substitute the trustee as the real party in interest, Plaintiff must first establish that when he brought this action in his own name, he did so as the result of an honest and understandable mistake.'); *Lans v. Gateway 2000, Inc.* 84 F. Supp 2d 112, 120 (D.D.C.1999) ('it is appropriate to liberally grant leave to substitute a real party in interest when there has been an honest mistake in choosing the nominal plaintiff, meaning that determination of the proper party was somehow difficult at the time of the filing of the suit, or that the mistake is otherwise understandable.'), *aff'd*, 252 F.3d 1320 (Fed.Cir.2001); *South African Marine Corp. v. United States*, 640 F.Supp. 247, 254–55 (Ct. Int'l Trade 1986) (*Rule 17a*) 'should not be used to prevent forfeiture and injustice where the determination as to who may sue is difficult' ").

*Id.*

In this case, the plaintiff has never alleged that he brought this action in his own name as a result of an **honest** and **understandable mistake** because of the difficulty in determining the correct party to bring the action. Under the reasoning of *Wieburg* ratification is not applicable in this instance. Accordingly, because this cause of action belonged to a debtor (James) at the time of the filing of a bankruptcy petition, this lawsuit is now the property of the bankruptcy estate and may only be prosecuted by the trustee of the bankruptcy estate. Jimmy M. James has no right to proceed on his cause of action in any forum and instead, the claim may only be prosecuted by the trustee of the bankruptcy estate, the real party in interest under Rule 17(a) of the Federal Rules of Civil Procedure.

The defendant's motion to reinstate the September 19,2002 Order substituting the bankruptcy trustee as plaintiff is **GRANTED.**