United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 2, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 04-51082
Summary Calendar

———————————

SERGIO SILVA, M.D.,

Plaintiff-Appellant,

versus

Group Practice Affiliates,

Defendant-Appellee.

———————————————————————————

Appeal from the United States District Court for
the Western District of Texas
(USDC No. 1:04-CV-171)

—————————————————————————

Before REAVLEY, JOLLY, HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

The district court correctly dismissed the case because the plaintiff's claims

against the defendants are the property of the bankruptcy estate and the plaintiff does not

have standing. 11 U.S.C. § 541(a)(1). Further, the district court did not abuse its

———————————

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

discretion in not allowing additional time to obtain ratification, joinder, or substitution of the bankruptcy trustee because the plaintiff's pursuit of the claims in his own name was not the result of an understandable mistake. See Weiburg v. GTE Southwest, Inc., 272 F.3d 302, 308 (5th Cir. 2001). Silva was informed several times that his claims against the defendants were the property of the bankruptcy estate. Instead of attempting to correct the mistake, Silva filed a motion for a temporary restraining order in an attempt to prohibit the bankruptcy trustee from entering the case. AFFIRMED.