IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 4, 2007

Charles R. Fulbruge III
Clerk

No. 07-10096
Summary Calendar

JOSH WHITAKER; MONIQUE JANNETTE; LESLIE GREER

Plaintiffs-Appellees

V.

CWS VILLAGE RESIDENTIAL LP; CWS URBAN LOFTS LP;

Defendants-Appellants

CWS APARTMENT HOMES LLC

Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-411

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

CWS appeals the district court's order joining CWS as a defendant in this action (filed in 2003 against its predecessor-in-interest, West Village) and holding CWS bound by West's consent decree.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

West, as owner of an apartment complex, was sued for violations of, inter alia, the Americans with Disabilities Act. In 2004, CWS purchased the complex from West with knowledge of the action and before liability was determined. CWS, however, did not advise the court or Plaintiffs about the purchase, nor did it participate in the litigation. A few months later, West entered into the consent decree, and provided CWS a copy when it was finalized.

Plaintiffs sought to compel West's compliance with the consent decree, and to substitute CWS for West under Federal Rule of Civil Procedure 25(c). CWS filed a brief on whether it could be bound by West's consent decree and two responses to the Rule 25(c) motion. The district court ruled CWS was bound and joined it as a defendant.

CWS challenges that order on three bases: (1) it cannot be bound by West's consent decree because it was not aware of the decree when it purchased West's interest, was not represented during negotiations for the decree, and did not give consent; (2) joinder was improper because CWS was not a party to the consent decree and therefore cannot be held accountable for West's obligations; and (3) an evidentiary hearing should have been held before joinder was permitted, because genuine issues of material fact exist.

For the first claimed error, the district court found three reasons to hold CWS bound by the consent decree: apparent authority, equitable estoppel, and privity. Findings of fact are reviewed for clear error. Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha, 754 F.2d 591, 599 (5th Cir. 1985). Because sufficient evidence exists to support the district court's findings, there is no clear error.

For the second claimed error, CWS' assertion of improper joinder also fails. Under Rule 25(c), a court may substitute or join a successor-in-interest; as such, a district court's ruling on a motion for joinder or substitution is reviewed for abuse of discretion. Wieburg v. GTE Southwest Inc., 272 F.3d 302, 308 (5th Cir. 2001). In the light of the district court's findings, there was no abuse of discretion.

Finally, for the third claimed error, an evidentiary hearing was not required before joinder was granted. CWS cites no genuine issue of material fact, was heard on this issue through its two responses to the motion for substitution, and did not request a hearing. The court did not abuse its discretion.

Essentially for the reasons stated by the district court, the judgment is AFFIRMED.