# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2014

Lyle W. Cayce
Clerk

No. 13-31134
Summary Calendar

WILLIAM D. CARROLL, JR.; CAROLYN K. CARROLL,

Plaintiffs-Appellants,

v.

JP MORGAN CHASE BANK,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 12-CV-637

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Plaintiffs-Appellants William and Carolyn Carroll ("Plaintiffs," collectively) appeal from the district court's grant of summary judgment in favor of Defendant-Appellee J.P. Morgan Chase Bank ("Chase"). Plaintiffs filed suit in October 2012, alleging that Chase breached a contract related to a borrowing agreement entered into in 2000, which affected property owned by Plaintiffs. In May 2008, more than four years prior to initiating the instant case, Plaintiffs filed a voluntary Chapter 13 bankruptcy petition, which was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-31134

converted to a Chapter 11 bankruptcy on August 5, 2008, and then converted again to a Chapter 7 bankruptcy on August 27, 2008. The Chapter 7 bankruptcy trustee is Samera L. Abide.

The filing of a Chapter 7 bankruptcy petition creates an estate consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case."[1] "The phrase 'all legal or equitable interests' includes legal claims—whether based on state or federal law."[2] A bankruptcy trustee is the representative of the bankruptcy estate and has the capacity to sue and be sued.[3] "Thus, a trustee . . . is the real party in interest, and is the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed."[4] Federal Rule of Civil Procedure 17(a) requires that "[a]n action must be prosecuted in the name of the real party in interest."[5]

Relying on these principles, the district court found that the Plaintiffs lacked standing because they were not the real party in interest to prosecute their claim for breach of contract. The district court reasoned that the trustee was the only party capable of bringing the claim because it accrued before the filing of their bankruptcy petition in 2008, had never been abandoned by the trustee, and was therefore part of the bankrupt estate. For the reasons stated above and those set forth in the district court's careful September 24, 2013, Memorandum Order, we agree with the district court's conclusion, and affirm

---

[1] 11 U.S.C. § 541(a)(1).

[2] *United States ex rel Spicer v. Westbrook*, 751 F.3d 354, 361-62 (5th Cir. 2014) (citing *In re Seven Seas Petroleum, Inc.*, 522 F.3d 575, 584 (5th Cir. 2008)).

[3] 11 U.S.C. § 323.

[4] *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008) (citing 11 U.S.C. §§ 323, 541(a)(1); *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 306 (5th Cir. 2001) (bankruptcy trustee has exclusive standing to assert undisclosed claims that fall within the bankruptcy estate)).

[5] FED. R. CIV. P. 17(a).

No. 13-31134

its judgment. All pending motions are DENIED.

AFFIRMED.