# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 30, 2021

Lyle W. Cayce
Clerk

No. 20-20540

In re: In the Matter of the Complaint of RLB
Contracting, Incorporated, Owner of M/V Bayou
Chevron, and Owner of M/V Johnathon King Boyd, for
Exoneration from or Limitation of Liability

RLB Contracting, Incorporated,

*Petitioner—Appellee*,

*versus*

Genesis Energy, L.P.,

*Claimant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-3844

Before Haynes, Graves, and Willett, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20540

In 2018, a dredging barge owned by RLB Contracting, Inc. ("RLB"), allegedly allided with a submerged gas pipeline, resulting in a fire that destroyed the barge. RLB thereafter filed an action for exoneration or limitation of liability in federal district court. Genesis Energy, L.P. ("Genesis") filed a negligence claim against RLB in this action, asserting that it was the owner of the pipeline. This assertion went unchallenged, and the case proceeded.

Over a year and a half later, RLB filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), claiming that subsidiaries of Genesis, not Genesis itself, owned and operated the pipeline. Genesis argued that it was a proper party but also moved for leave to amend its claim to join the relevant subsidiaries as co-claimants under Federal Rule of Civil Procedure 17(a)(3).

Despite RLB's express statement that it was not asserting a Federal Rule of Civil Procedure 17(a) real-party-in-interest claim, the district court construed RLB's motion to dismiss as making that argument. Applying the Rule 17(a) framework, the district court determined that RLB's motion to dismiss was timely and that Genesis's claim properly belonged to its subsidiaries, not Genesis. The district court further determined that Genesis lacked a reasonable basis for its failure to name the correct parties, and accordingly denied its motion to amend. Genesis timely appealed.[1]

On appeal, both parties accept that Rule 17 (rather than Rule 12(b)(1)) provides the proper framework. RLB offered little explanation for why it waited so long to file the motion to dismiss despite having the documents it claimed supported the argument for about a year. A Rule 17(a) motion is

---

[1] The district court had jurisdiction under 28 U.S.C. § 1333. We have appellate jurisdiction under 28 U.S.C. § 1291.

timely "so long as joinder of the real party in interest remains practical and convenient." *In re Signal Int'l, LLC*, 579 F.3d 478, 488 (5th Cir. 2009). Given the fact that the usual time for amendment had passed,[2] we conclude that the district court should not have found the motion to dismiss timely while simultaneously denying Genesis the time to amend.

Even setting aside the timeliness of the motion to dismiss, we conclude that the district court should have permitted Genesis to amend.[3] Under Rule 17(a)(1), "[a]n action must be prosecuted in the name of the real party in interest." However, if a defendant objects under Rule 17(a)(1), Rule 17(a)(3) permits the real party in interest to "ratify, join, or be substituted into the action." A district court abuses its discretion by denying a Rule 17(a)(3) motion if the error in naming the correct party was due to an "understandable mistake." *Wieburg v. GTE Sw., Inc.*, 272 F.3d 302, 308 (5th Cir. 2001); *see also Rideau v. Keller Indep. Sch. Dist.*, 819 F.3d 155, 165–66 (5th Cir. 2016) (explaining that a "good-faith, nonfrivolous mistake" compels ratification, joinder, or substitution under Rule 17(a)(3)).

Here, the real-party-in-interest determination was complicated by, among other things, Genesis's belief that its position as a parent, its corporate structure, and its debtor status, together with the United States Coast Guard's assertion that Genesis itself was liable for the costs of removing

---

[2] Indeed, prior to filing its motion to dismiss, RLB had filed a motion for entry of default against unknown claimants, which the district court granted, thereby barring any new claimants from joining the action. Consequently, at the time RLB filed its motion to dismiss, it was impossible for Genesis to join its subsidiaries without intervention by the district court.

[3] We review for abuse of discretion. *Wieburg v. GTE Sw., Inc.*, 272 F.3d 302, 308 (5th Cir. 2001). Our review is guided by the well-established principle that "[t]he Federal Rules are diametrically opposed to a tyranny of technicality and endeavor to decide cases on the merits." *Amberg v. FDIC*, 934 F.2d 681, 686 (5th Cir. 1991).

pollution caused by the allision, supported its status as a proper party (a position it still holds while willing to and desirous of joining the subsidiaries). Moreover, there is no evidence that Genesis acted in bad faith, nor that permitting its subsidiaries to join the action would meaningfully prejudice RLB (or even delay the case). Accordingly, the district court abused its discretion by denying Genesis's motion to amend.

We REVERSE and REMAND to permit the joinder of Genesis's subsidiaries and for further proceedings consistent with this opinion.