IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-60501
Summary Calendar

DEBORAH CHAMPLUVIER

Plaintiff-Appellant

V.

ALLEN B COUCH JR, In His Individual Capacity

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:08-CV-15

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Deborah Champluvier appeals the district court's dismissal of her civil action against Allen B. Couch, Jr., the prosecutor in her criminal trial on charges for embezzlement, for failure to state a claim upon which relief may be granted pursuant to FED. R. CIV. P. 12(b)(6). The district court denied Champluvier's in forma pauperis (IFP) motion and certified that the appeal was not taken in good faith. Champluvier has filed a motion for leave to proceed IFP on appeal in this

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court, challenging the district court's certification. Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

An IFP complaint dismissed for failure to state a claim is reviewed de novo. Black v. Warren, 134 F.3d 732, 734 (5th Cir.1998). The "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citation omitted). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

Champluvier argues that she is not a prisoner and did not file her IFP motion under 28 U.S.C. § 1915. This argument lacks merit. In both prisoner and nonprisoner litigation, a district court may deny a motion for leave to appeal IFP by certifying that the appeal is not taken in good faith and by providing written reasons for the certification. Baugh, 117 F.3d at 202; see also Kuylen v. Whitfield, 244 F.3d 137 (5th Cir. 2000) (unpublished) (applying Baugh and 28 U.S.C. § 1915(a)(3) to nonprisoner IFP motion).

Champluvier argues that the district court erred in determining that her complaint was filed pursuant to 42 U.S.C. § 1983. The district court did not err in determining that the proper vehicle for raising constitutional claims against state officials is a § 1983 action. See Planned Parenthood of Houston and Southeast Texas v. Sanchez, 480 F.3d 734, 739 (5th Cir. 2007); Burns-Toole, D.D.S. v. Byrne, D.D.S., 11 F.3d 1270, 1273 n.3 (5th Cir. 1994).

Champluvier argues that the district court erred in dismissing her complaint for failure to state a claim upon which relief may be granted and in holding that Couch had absolute immunity from liability for his actions taken as a prosecutor. Champluvier's arguments are conclusional. Champluvier has not shown that the prosecutor was not entitled to immunity because he was acting beyond the scope of his authority. The issue whether the criminal statute

applied to her was not decided until the Mississippi Supreme Court ruled in her direct appeal that the statute did not apply to her company, which was a Mississippi Limited Liability company. Even if the prosecutor acted in error, maliciously, or in excess of his authority, he would not be subject to liability because Champluvier has not shown that he "acted in the clear absence of all jurisdiction." See Kerr v. Lyford, 171 F.3d 330, 337 (5th Cir. 1999) (internal quotation marks and citation omitted), abrogated on other grounds, Castellano v. Frazogo, 352 F.3d 939 (5th Cir. 2003). To the extent Champluvier is arguing that Couch violated her rights under the Mississippi Constitution and is not entitled to immunity because the Mississippi Supreme Court has held that when one's constitutional rights are violated there is no immunity, she may not raise this claim for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). Champluvier has not identified any error in the following determinations of the district court: Couch's actions were taken during the course and scope of his duties as a prosecutor; Couch was entitled to absolute immunity from liability for his actions as a prosecutor; Champluvier's claims under the Fifth, Eighth, and Fourteenth Amendments lack merit; and Champluvier's malicious prosecution claim is not a constitutional claim cognizable under § 1983. Champluvier has not shown that her "mental anguish" claim is a separate legal claim based on the United States Constitution or federal statute which is cognizable under § 1983; she has not adequately briefed this issue. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Champluvier has failed to identify any nonfrivolous ground for appeal, and the record shows that she failed to state a cause of action against Couch. Therefore, her motion to appeal IFP is denied, and her appeal is dismissed as frivolous. 5TH CIR. R. 42.2; see Howard, 707 F.2d at 219-20.

IFP MOTION DENIED; APPEAL DISMISSED.