# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-11370
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2016

Lyle W. Cayce
Clerk

OCTAVIA SMITH,

Plaintiff-Appellant

v.

DALLAS COUNTY HOSPITAL DISTRICT, doing business as Parkland Health and Hospital System,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-792

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Octavia Smith filed a pro se complaint under Title VII of the Civil Rights Act of 1964 seeking damages against her former employer, Dallas County Hospital District d/b/a Parkland Health and Hospital System (Parkland). Because she failed to disclose her potential claim against Parkland in a bankruptcy petition, the district court found that the doctrine of judicial

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

estoppel applied, granted Parkland's summary judgment motion, and dismissed Smith's complaint. The district court also denied Smith's motion for leave to proceed in forma pauperis (IFP) on appeal and certified that the appeal was not taken in good faith. Smith now moves this court for leave to proceed IFP on appeal.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." § 1915(a)(3); *see* FED. R. APP. P. 24(a)(3)(A); *see also Baugh v. Taylor*, 117 F.3d 197, 199-200 (5th Cir. 1997) (recognizing the applicability of § 1915(a)(3) to suits brought by "prisoners and nonprisoners alike")*; see also Champluvier v. Couch*, 309 F. App'x 902, 903 (5th Cir. 2009) (*Baugh* applies to nonprisoner IFP motion). By moving to proceed IFP in this court, Smith is challenging the district court's certification that her appeal is not in good faith. *See Baugh*, 117 F.3d at 202. This court's inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). If this court upholds the district court's certification decision, the appellant must pay the filing fee or the appeal will be dismissed for want of prosecution. *Baugh*, 117 F.3d at 202. However, "where the merits are so intertwined with the certification decision as to constitute the same issue," this court may decide the merits of the appeal, and, if the appeal is frivolous, this court may deny the IFP motion and dismiss the appeal sua sponte under Fifth Circuit Rule 42.2. *Id*. at 202 & n.24.

The appellate court reviews a district court's grant of summary judgment de novo. *Rogers v. Bromac Title Servs.*, L.L.C., 755 F.3d 347, 350 (5th Cir. 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers*, 755 F.3d at 350 (internal quotation and citation omitted). In deciding whether a fact issue exists, courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). "But [s]ummary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Rogers*, 755 F.3d at 350 (internal quotation marks and citation omitted).

In the instant case, the district court concluded that judicial estoppel applied based on Smith's failure to disclose her claim against Parkland in her bankruptcy proceedings. A bankruptcy debtor is required to disclose all assets, including contingent claims or potential causes of action. *In re Coastal Plains, Inc.*, 179 F.3d 197, 207-08 (5th Cir. 1999). In assessing whether judicial estoppel should apply, a court looks to the following elements: "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011) (en banc). This court has stated that judicial estoppel is "particularly appropriate where . . . a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." *Id.* (internal quotation marks and citation omitted*).* The district court's application of judicial estoppel is reviewed for an abuse of discretion. *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 262 (5th Cir. 2012); *see also Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 384 (5th Cir. 2008) (stating that judicial estoppel finding is reviewed for abuse of discretion, even if district court grants summary judgment on that basis).

No. 14-11370

In her brief, Smith asserts that the district court should not have considered Parkland's evidence submitted in connection with the supplemental motion for summary judgment. She contends that the evidence was not updated and that her signature was not on some of the documents. She charges that Parkland submitted "paper work that was forge[d] and emails that were cop[ied] and paste[d]." She does not cite to any specific deficient evidence submitted by Parkland, nor does she identify any basis on which the evidence was inadmissible other than conclusory and speculative assertions of fraud. Her conclusory allegations do not show that the evidence was inadmissible for purposes of summary judgment. *See* FED. R. CIV. P. 56(c) (stating that a party arguing a genuine dispute of a material fact must support the assertion by certain evidence).

Smith does not dispute that she failed to list her claim in her bankruptcy petition, that her positions regarding the existence of the claim were plainly inconsistent, or that the bankruptcy court accepted that she had no other claims. Therefore, the district court's grant of summary judgment should be reversed only if there is a "genuine factual dispute regarding whether [Smith] failed to disclose [her] claims inadvertently." *Love*, 677 F.3d at 262.

A failure to disclose a claim in bankruptcy is considered inadvertent "only when, in general, the debtor either lacks knowledge of the undisclosed claims *or* has no motive for their concealment." *In re Coastal Plains*, 179 F.3d at 210. In its summary judgment motion, Parkland argued that Smith was aware of her possible claim at the time she filed her bankruptcy petition and that the potential for a future recovery against Parkland provided a motive for concealing the claim on her bankruptcy petition. Once knowledge of a claim and a motive to conceal were established, the burden shifted to Smith to show that the failure to disclose was inadvertent. *See Love*, 677 F.3d at 262.

4

No. 14-11370

Smith has presented no admissible summary-judgment evidence creating a genuine dispute regarding whether she inadvertently failed to disclose her claims in bankruptcy. Smith's appeal thus lacks any issue of arguable merit and is therefore frivolous. *See Howard*, 707 F.2d at 220. Accordingly, her motion to proceed IFP on appeal should be denied, and her appeal should be dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24.