**Reverse and Remand and Opinion Filed August 2, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00204-CV

### CHRISTOPHER J. MOSER, TRUSTEE OF THE ESTATE OF MORGAN MASON, Appellant
### V.
### DILLON INVESTMENTS, LLC D/B/A SUPER 8 ADDISON, Appellee

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-08603**

## OPINION
Before Justices Myers, Osborne, and Nowell
Opinion by Justice Myers

Christopher J. Moser, trustee of the bankruptcy estate of Morgan Mason, appeals the summary judgment in favor of Dillon Investments, LLC d/b/a Super 8 Addison. Moser brings one issue on appeal contending the trial court erred by granting appellee's motion for summary judgment. We reverse the trial court's judgment and remand the cause for further proceedings.

## BACKGROUND

In her original petition, Morgan Mason alleged that on June 30, 2017, she was staying at Super 8 Addison's hotel. While she was showering, the bathtub floor

shifted, she lost her balance, fell, and hit her head on the side of the bathtub. She alleged she "suffered pain and serious injury to her brain, head, neck, and back," which she described as "severe and permanent injuries."

On April 13, 2018, Mason filed a Chapter 7 bankruptcy proceeding. She did not list her potential claim against appellee as one of her assets. She received a discharge on July 18, 2018. The bankruptcy case terminated on December 5, 2018.

On June 13, 2019, less than two years after the accident, Mason filed suit against appellee alleging appellee was negligent and caused her injuries. Mason sought damages of over $1 million.

Appellee moved for summary judgment on the ground that Mason lacked standing to bring the claim and was judicially estopped from bringing the claim. Appellee argued that when Mason filed the bankruptcy proceeding, all her assets became vested in the bankruptcy estate. Appellee asserted that because Mason did not disclose the claim in her bankruptcy schedules, the claim was not returned to her at the end of the bankruptcy proceeding but remained the property of the bankruptcy estate and that only the bankruptcy trustee had standing to assert the claim. Mason filed a motion in bankruptcy court to reopen her bankruptcy to amend her schedules to include her claim against appellee. The bankruptcy court granted the motion.

On January 5, 2021, more than two years after the accident, Moser, the trustee of Mason's bankruptcy estate, filed an amended petition in the trial court on behalf of Mason's bankruptcy estate. The amended petition alleged the same negligence

–2–

cause of action as Mason's original petition. Appellee filed an answer to the amended petition asserting many affirmative defenses and bars to suit including lack of standing and the statute of limitations.

Appellee moved for summary judgment on the ground that the claim in the amended petition was barred by the statute of limitations because it was filed more than two years after Mason was injured. Appellee asserted that even though Mason's original petition in 2019 was timely, she lacked standing to bring the claim because her claim belonged to the bankruptcy estate and only the bankruptcy trustee had standing to bring the claim. Appellee argued that because Mason lacked standing in 2019, the trial court lacked jurisdiction over her claim, which made her petition a nullity, and Moser's amended petition filed in 2020 outside the limitations period could not relate back to Mason's original petition. The trial court granted appellee's motion for summary judgment, dismissing Moser's claim with prejudice.

## SUMMARY JUDGMENT

In his issue on appeal, Moser contends the trial court erred by granting appellee's motion for summary judgment. The standard for reviewing a traditional summary judgment is well established. *McAfee, Inc. v. Agilysys, Inc.*, 316 S.W.3d 820, 825 (Tex. App.—Dallas 2010, no pet.). The movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). In deciding whether a disputed material fact issue exists precluding summary judgment, the court considers evidence favorable

–3–

to the nonmovant to be true. *In re Estate of Berry*, 280 S.W.3d 478, 480 (Tex. App.—Dallas 2009, no pet.). Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied).

## STANDING AND CAPACITY

When a debtor files a Chapter 7 bankruptcy proceeding, virtually all the debtor's assets are automatically vested in the bankruptcy estate. 11 U.S.C. § 541(a); *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008) (per curiam). The debtor must list all assets on the appropriate bankruptcy schedule. 11 U.S.C. § 521(a)(1)(B)(i). When the bankruptcy case is closed, any property listed on the asset schedule that is not disposed of in the bankruptcy proceeding "is abandoned to the debtor." *Id.* § 554(c). However, any undisposed asset that was not listed on the schedule of assets remains in the bankruptcy estate. *Id.* § 554(d) ("Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate."); *Kane*, 535 F.3d at 385. The trustee in a bankruptcy case is the representative of the estate and has the capacity to sue and be sued. 11 U.S.C. § 323.

When Mason filed her Chapter 7 bankruptcy proceeding, all her interest in her assets vested in her bankruptcy estate. *See* 11 U.S.C. § 541(a); *Kane*, 535 F.3d at

–4–

385. This included her claim for damages against appellee. She did not list this claim in her schedule of assets. When Mason was discharged and the bankruptcy proceeding was closed, the claim was not abandoned to her but remained in the bankruptcy estate because she did not list it in the schedule of assets.

When Mason filed her original petition against appellee less than two years after the accident, the claim was still part of the bankruptcy estate. Moser, the bankruptcy trustee, had authority to bring the claim, but he filed the amended petition about three-and-a-half years after the accident, which was outside the limitations period. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (limitations period for personal injury is "two years after the day the cause of action accrues"). The question is whether Moser's amendment of Mason's suit "related back" to Mason's timely filed suit for limitations purposes. *See id.* § 16.068 (statutory relation-back doctrine).

Section 16.068 of the Civil Practice and Remedies Code codifies Texas's relation-back doctrine:

> If a filed pleading relates to a cause of action . . . that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability . . . is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

*Id.* The relation-back doctrine cannot create jurisdiction where none existed. *Cooke v. Karlseng*, 617 S.W.3d 570, 578 (Tex. App.—Dallas 2019) (*Cooke I*), *rev'd on other grounds*, 615 S.W.3d 911 (Tex. 2021) (per curiam). Thus, if the trial court

–5–

lacked subject-matter jurisdiction over the original petition, it cannot toll limitations under the relation-back doctrine for an amended petition. *Goss v. City of Houston*, 391 S.W.3d 168, 175 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

In this case, Moser's amended petition alleges the same facts and cause of action as Mason's original petition. The amended petition also alleged the facts concerning Mason's bankruptcy. Mason's original petition was "not subject to a plea of limitation" because it was filed within two years of the accident, and Moser's amended petition was not "wholly based on a new, distinct, or different transaction or occurrence" because it alleged the same facts and cause of action as Mason's original petition. *See* CIV. PRAC. § 16.068. Therefore, unless Mason's original petition was a legal nullity, Moser's amended petition related back to Mason's timely original petition.

In its motion for summary judgment, appellee argued that because Mason's claim was part of the bankruptcy estate, Mason lacked standing to bring the lawsuit. Lack of standing, "in the true constitutional sense of that term, . . . would deprive the trial court of subject-matter jurisdiction." *Pike v. Tex. EMC Mgmt. LLC*, 610 S.W.3d 763, 773 (Tex. 2020). Appellee argues that because Mason lacked constitutional standing, the trial court had no jurisdiction over her suit, her original petition was a legal nullity, and there effectively was no timely filed lawsuit to which Moser's amended petition could relate back.

Moser argues that Mason had constitutional standing to bring her claim because she suffered the injuries that are the subject of the lawsuit but that she lacked capacity to bring the claim because of the bankruptcy. Lack of capacity is not jurisdictional. *See John C. Flood of DC, Inc. v. SuperMedia, L.L.C.*, 408 S.W.3d 645, 651 (Tex. App.—Dallas 2013, pet. denied); *see also Pike*, 610 S.W.3d at 774. Unlike lack of standing, lack of capacity would not deprive the trial court of jurisdiction and would not prevent Moser's amended petition from relating back to Mason's original petition.

The question, then, is whether Mason lacked constitutional standing to bring her claim. Whether a party has standing to pursue a particular remedy is a question of law we review de novo. *Orix Capital Mkts., LLC v. Am. Realty Tr., Inc.*, 356 S.W.3d 748, 752 (Tex. App.—Dallas 2011, pet. denied). "Because Texas's test for constitutional standing parallels the federal test for Article III standing, we look to federal standing jurisprudence for guidance in answering this question." *Pike*, 610 S.W.3d at 776.

In *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), the Supreme Court stated the constitutional minimum of standing "consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 338. The rule is the same in Texas and relies on the Supreme Court's definition of standing under Article III of the United States Constitution: "In

–7–

Texas, the standing doctrine requires a concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court. This parallels the federal test for Article III standing . . . ." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 154 (Tex. 2012); *see Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 484 (Tex. 2018) (quoting *Heckman*).

Despite this definition of constitutional standing, "courts and parties have sometimes blurred the distinction between standing and capacity." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005).

> Like jurisdiction, standing "is a word of many, too many, meanings." Texas courts, having drawn upon the standing doctrine of our federal counterparts, sometimes apply the label "standing" to statutory or prudential considerations that "do[] not implicate subject-matter jurisdiction" but determine whether a plaintiff "falls within the class of [persons] . . . authorized to sue" or otherwise has "a valid . . . cause of action." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 & n.4 (2014) (explaining why this use of the standing label can be "misleading").

*Pike*, 610 S.W.3d at 773–74 (footnote omitted).

In *Pike*, the supreme court summarized the distinction between constitutional standing and capacity: "A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has legal authority to act, regardless of whether it has a justiciable interest in the controversy." *Id.* at 775 (quoting *Nootsie, Ltd. v. Williamson Cty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996)). "Both capacity and standing are necessary for a

party to bring suit," but only lack of standing is jurisdictional. *Id.*; *see John C. Flood of DC, Inc.*, 408 S.W.3d at 651.

In bankruptcy, and other areas, courts have used the word "standing" and the phrase "exclusive standing" when they do not mean "constitutional standing." The Fifth Circuit Court of Appeals has stated that the bankruptcy trustee has "exclusive standing" to bring a claim on behalf of the bankruptcy estate. *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 306 (5th Cir. 2001) ("Because the claims are property of the bankruptcy estate, the Trustee is the real party in interest with exclusive standing to assert them."); *Schertz-Cibolo Universal City Indep. Sch. Dist. v. Wright* (*In re Educators Grp. Health Tr.*), 25 F.3d 1281, 1284 (5th Cir. 1994) ("If a cause of action belongs to the estate, then the trustee has exclusive standing to assert the claim."). The Texas Supreme Court has interpreted the Fifth Circuit's use of the phrase "exclusive standing" to mean constitutional standing. *Douglas v. Delp*, 987 S.W.2d 879, 882 (Tex. 1999). A careful reading of the Fifth Circuit's opinions, however, demonstrates that the Fifth Circuit did not mean constitutional standing affecting subject-matter jurisdiction when it referred to the bankruptcy trustee's "exclusive standing." In the years after the Texas Supreme Court issued *Douglas*, the supreme court has clarified the distinction between standing and capacity, and those decisions are contrary to the court's reasoning in *Douglas*. Thus, it appears *Douglas* and the cases following it, including those from this Court, have been implicitly overruled by the supreme court's subsequent opinions.

–9–

**History of the Courts' Use of the Phrase "Exclusive Standing"**

The genesis, at least in the Fifth Circuit, for the statement that the trustee has "exclusive standing" to bring claims in a bankruptcy estate appears to be *In re Educators Group Health Trust*, 25 F.3d 1281 (5th Cir. 1994). In that case, a health trust that provided health benefits to rural school districts filed a Chapter 7 bankruptcy proceeding. *Id.* at 1283. The school districts had claims against the health trust, and they were considered creditors of the health trust's bankruptcy estate. Several of the school districts filed suit in state court against the administrator of the health trust and the administrator's employees. The claims included allegations that the administrator defrauded and mismanaged the health trust. The bankruptcy trustee for the health trust intervened, asserting that some of the claims asserted by the school districts belonged to the health trust's bankruptcy estate. The bankruptcy trustee asked the bankruptcy judge to determine whether the trustee or the creditors "had authority to pursue each particular cause of action asserted in the state court lawsuit." *Id.* The bankruptcy court determined some of the claims "would belong to the estate." *Id.* The school districts appealed. The Fifth Circuit stated, "This case requires that we decide whether the bankruptcy court erred in determining whether certain causes of action are property of the estate." *Id.* The court then stated, "If a cause of action belongs to the estate, then the trustee has *exclusive standing* to assert the claim. . . . If, on the other hand a cause of action belongs solely to the estate's creditors, then the trustee has no standing to bring the

–10–

cause of action." *Id.* at 1284 (emphasis added). The Fifth Circuit determined that several of the claims belonged "solely to the estate" because they alleged a direct injury to the health trust and only a derivative injury to the school districts. *Id.* The Fifth Circuit also decided that other claims "belong solely to them," i.e., to the plaintiff school districts. *Id.* at 1285, 1286. The Fifth Circuit's discussion made no distinction between constitutional standing and capacity to bring a lawsuit. Instead, the case concerned only whether the trustee or the creditors had authority to bring certain claims in state court, which is a matter of capacity, not jurisdiction. The case did not concern either the capacity or the constitutional standing of the bankrupt health trust to bring the claims without being represented by the bankruptcy trustee.

Despite the fact that *In re Educators* did not discuss or concern the constitutional standing of a bankrupt entity to bring claims on its own behalf, the Texas Supreme Court interpreted it as doing just that. In *Douglas v. Delp*, 987 S.W.2d 879 (Tex. 1999), Billy Delp sued Douglas and his law firm for legal malpractice. *Id.* at 880. While the suit was pending, Delp filed for Chapter 11 bankruptcy protection and listed his pending suit against Douglas and his law firm as an asset. *Id.* at 881. The trustee assigned Delp's claims against Douglas and his law firm to Philip Treacy & Associates, which was an entity acting on behalf of the law firm's malpractice carrier. Treacy moved to dismiss Delp's claims against the law firm, which the trial court granted. *Id.* The court of appeals determined the trial court erred by dismissing the claims. *Id.* at 882. The supreme court did not address

–11–

the validity of the assignment of the claims to Treacy or the validity of the claims' dismissal. Instead, the supreme court concluded Delp lacked constitutional standing to challenge the assignment or dismissal. *Id.* The supreme court observed that when Delp filed his petition in bankruptcy, his legal-malpractice claim became part of the bankruptcy estate. Quoting *In re Educators*, the supreme court stated, "Once a claim belongs to the estate, 'then the trustee has exclusive standing to assert the claim.'" *Id.* (quoting *In re Educators*, 25 F.3d at 1284). The supreme court then stated:

> Standing is a component of subject matter jurisdiction. Without subject matter jurisdiction, courts may not address the merits of a case. As Billy [Delp] did not have standing in this proceeding to object to the assignment and subsequent dismissal of the legal malpractice claims, the trial court did not have subject matter jurisdiction to address the merits of his claims. Because Billy's lack of standing left the trial court without subject matter jurisdiction over his claims, we vacate that part of the court of appeals' judgment remanding Billy's claims and dismiss those claims for want of jurisdiction.

*Id.* (citations omitted).[1]

This Court has followed the supreme court's decision in *Douglas*, holding on two occasions that a plaintiff lacked constitutional standing to bring, and a trial court lacked jurisdiction to determine, the plaintiff's claims that were part of its bankruptcy estate. *See Shankles v. Gordon*, No. 05-16-00863-CV, 2018 WL

---

[1] Since *Douglas*, the Texas Supreme Court has issued two opinions stating a bankruptcy trustee has "exclusive standing" or is the "only party with standing" to assert claims belonging to a debtor's bankruptcy estate. Whether the bankruptcy debtor also had constitutional standing to bring the claim was not an issue in those cases. *See Sommers for Ala. & Dunlavy, Ltd. v. Sandcastle Homes, Inc.*, 521 S.W.3d 749, 753 (Tex. 2017); *Belt v. Oppenheimer, Blend, Harrison & Tate, Inc.*, 192 S.W.3d 780, 786–87 (Tex. 2006).

–12–

4100030, at *8–12 (Tex. App.—Dallas Aug. 27, 2018, no pet.) (mem. op.); *Depumpo v. Thrasher*, No. 05-14-00967-CV, 2016 WL 147294, at *3, 4 (Tex. App.—Dallas Jan. 13, 2016, no pet.) (mem. op.).[2]  In a case predating *Douglas*, we looked at the "exclusive standing" language in *In re Educators* and, as the supreme court would do the following year in *Douglas*, concluded that only the bankruptcy trustee had constitutional standing to resolve a plaintiff's claim that was in her bankruptcy estate.  *Smith v. Hammerle*, No. 05-95-01683-CV, 1998 WL 538170, at *3 (Tex. App.—Dallas Aug. 26, 1998, pet. denied) (not designated for publication) ("Because Smith's claim against Wyndhem transferred to her bankruptcy estate upon the filing of her bankruptcy and her trustee was thereafter vested with exclusive standing to resolve that claim, Smith lacked standing to pursue the claim against Wyndhem.").

Meanwhile, the Fifth Circuit continued to refer to the bankruptcy trustee as having "exclusive standing" in the situation where a plaintiff brings suit on a claim that is part of the plaintiff's bankruptcy estate.  In those cases, it is clear that the Fifth

---

[2] In two other cases, this Court has distinguished *Douglas*.  In *Martin v. Clinical Pathology Labs., Inc.*, 343 S.W.3d 885 (Tex. App.—Dallas June 8, 2011, pet. denied), we did not apply *Douglas* because the plaintiff had filed a Chapter 13 bankruptcy proceeding.  Chapter 13 debtors remain in possession of all property of the estate, and they "retain standing to sue on claims that are owned by the bankruptcy estate." *Id.* at 888, 889.  In *Norris v. Brookshire Grocery Co.*, 362 S.W.3d 226 (Tex. App.—Dallas 2012, pet. denied), we concluded *Douglas* did not apply because the plaintiff (who had not disclosed her claim in the bankruptcy schedules) filed a motion to dismiss her bankruptcy proceeding, which the bankruptcy court granted just a few days after the plaintiff had filed the proceeding, which revested all the property in the plaintiff. *Id.* at 230, 232.

Circuit's use of the phrase "exclusive standing" did not mean constitutional standing affecting the trial court's jurisdiction.

In *Wieburg v. GTE Southwest Inc.*, 272 F.3d 302 (5th Cir. 2001), Wieburg was terminated from GTE. *Id.* at 304. Shortly afterwards, she filed a Chapter 7 bankruptcy proceeding but did not disclose her claim for workplace discrimination. Wieburg was granted a discharge of her debts. She then sued GTE for workplace discrimination. When GTE learned of the bankruptcy, it moved to dismiss Wieburg's complaint, asserting her claims were part of the bankruptcy estate and that the bankruptcy trustee had exclusive standing to assert them. *Id.* The Fifth Circuit held that Wieburg's claims were the property of the bankruptcy estate and that "the Trustee is the real party in interest with exclusive standing to assert them." *Id.* at 306 (citing *Feist v. Consol. Freightways Corp.*, 100 F. Supp. 2d 273, 274–75 (E.D. Pa. 1999), *aff'd*, 216 F.3d 1075 (3d Cir. 2000)). The Fifth Circuit observed that Federal Rule of Civil Procedure 17 states, "An action must be prosecuted in the name of the real party in interest." FED. R. CIV. P. 17(a)(1). However, if a party objects to the fact that the case is not being prosecuted by the real party in interest, the court may not dismiss until "a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." *Id.* 17(a)(3). The Fifth Circuit concluded that the district court abused its discretion by dismissing the claims "without explaining why the less drastic alternatives of either allowing an opportunity for ratification by the Trustee, or joinder of the Trustee, were

–14–

inappropriate." *Wieburg*, 272 F.3d at 309. Rule 17(a)(3) does not apply to permit substitution when the trial court lacks subject-matter jurisdiction over the original claims. *See Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 532 (6th Cir. 2002) (when lawyer incorrectly named wrong entity as plaintiff, and that entity "had no claims whatsoever against the defendants, and no Article III standing to sue," Rule 17 did not permit substitution of correct entity). Thus, the Fifth Circuit's application of Rule 17(a)(3) indicates the court determined Wieburg had constitutional standing to assert her claims but that she was not authorized to bring them.

That the Fifth Circuit determined Wieburg had constitutional standing to assert her claims is also shown by the court's citation of *Feist v. Consolidated Freightways Corp.*, 100 F. Supp. 2d 273 (E.D. Pa. 1999), *aff'd*, 216 F.3d 1075 (3d Cir. 2000). *See Wieburg*, 272 F.3d at 306. In that case, Feist's personal injury claim accrued before he filed his Chapter 7 bankruptcy petition. *Feist*, 100 F. Supp. 2d at 276. He did not list his claim on the bankruptcy asset schedule. He received a discharge of all his debts. He then filed suit against Consolidated Freightways. *Id.* Consolidated moved to dismiss Feist's claims because he lacked standing. *Id.* at 275. The district court stated,

> While there is much confusion surrounding the distinction between the doctrine of standing and the principle of the real party in interest, it is clear that this suit presents an issue involving the latter. Generally, standing involves a determination of whether the plaintiff can show an injury in fact traceable to the conduct of the defendant. Because Plaintiff was the individual who suffered the injury alleged in the Complaint, he meets the requirements of standing.

–15–

*Id.* The court ultimately held Feist had not made the necessary showing to be entitled to join the bankruptcy trustee. *Id.* at 280. By citing *Feist*, which held a plaintiff has constitutional standing to bring a claim that is part of the plaintiff's bankruptcy estate as long as the plaintiff suffered the alleged injury, the Fifth Circuit indicated it understood there was a difference between constitutional standing, which affects jurisdiction, and the requirement under Rule 17(a) that the real party in interest bring suit, which does not affect jurisdiction.

In *Kane v. National Union Fire Insurance Co.*, 535 F.3d 380 (5th Cir. 2008) (per curiam), Kane was in a car accident. He sued the other driver and the other driver's insurance company. *Id.* at 383. He then filed a Chapter 7 proceeding but did not list his claims from the accident. *Id.* The defendants moved for summary judgment, asserting that Kane's claims should be barred by the doctrine of judicial estoppel. Kane moved to reopen the bankruptcy case to administer the accident claims, the bankruptcy court granted Kane's motion, and the bankruptcy trustee moved to substitute himself for Kane as the real party in interest in the lawsuit. *Id.* The district court granted the defendants' motion for summary judgment on the ground of judicial estoppel and denied the trustee's motion to substitute as moot. *Id.* at 383–84. In its discussion, the Fifth Circuit, citing *Wieburg*, stated, "Thus, a trustee, as the representative of the bankruptcy estate, is the real party in interest, and is the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed." *Id.* at 385. The Fifth Circuit, however,

did not dismiss the case for lack of jurisdiction, nor did it conclude the district court lacked jurisdiction. Instead, it determined the doctrine of judicial estoppel did not apply and reversed the summary judgment. The Fifth Circuit remanded the case to the trial court for further proceedings, including to determine whether substitution of the trustee should be permitted under Rule 17(a). *Id.* at 387–88. Had the court decided that the plaintiff's lack of "standing" deprived the district court of jurisdiction, Rule 17(a) would not apply. *See Zurich Ins. Co*, 297 F.3d at 531.

More recently, the Fifth Circuit has clarified the nature of the bankruptcy trustee's "exclusive standing" in the situation where a plaintiff brings suit on a claim that is part of a bankruptcy estate. In *Norris v. Causey*, 869 F.3d 360 (5th Cir. 2017), the Norrises agreed with two brothers, Karry and Garry Causey, on a plan to purchase, renovate, and resell real estate damaged in Hurricane Katrina. *Id.* at 363–64. The Causeys took the Norrises' money, but they used it on personal items and not on the properties. *Id.* at 364. Before filing suit against the Causeys, the Norrises filed a petition in bankruptcy under Chapter 7, but they did not disclose their claims against the Causeys. The Norrises then filed suit in federal district court against the Causeys and received a judgment for over $100,000 against them. *Id.* When the Causeys learned of the Norrises' bankruptcy filing, they moved to set aside the district court's judgment under Rule 60(b)(4) on the ground that the judgment was void. *Id.* at 365; *see also* FED. R. CIV. P. 60(b)(4) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or

–17–

proceeding for the following reasons: . . . (4) the judgment is void . . . ."). The district court agreed with the Causeys that the Norrises were not the real party in interest to bring the suit. *Norris*, 869 F.3d at 365. The trial court denied the Causeys' motion to set aside the judgment as void because having the real party in interest bring the suit is not a jurisdictional requirement. *Id.* The Fifth Circuit determined that the Norrises had constitutional standing because they alleged they had an injury caused by the Causeys' wrongful acts that could be redressed through the litigation:

> [A] lack of Article III standing is neither the challenge the Causeys bring nor one they would prevail on. The Norrises' injury is clear: they lost thousands of dollars. They argue that Causeys' diversion of funds caused that injury. And this litigation can redress the loss through damages, as the judgment demonstrates.

*Id.* at 366.

The Fifth Circuit then addressed the nature of the defect of the plaintiff not being the real party in interest. The court stated, "there is a key jurisdictional distinction between a challenge that a plaintiff lacks Article III standing and one that she is not the real party in interest." *Id.* A challenge to the plaintiff not being the real party in interest "presents a merits question: 'who, according to the governing substantive law, is entitled to enforce the right?'" *Id.* (quoting 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1543). The court stated the challenge to the plaintiff not being the real party in interest is nonjurisdictional. *Id.* at 367. Instead, "[a]n argument that the plaintiff is not the real party in interest is an affirmative defense that must be asserted

with reasonable promptness." *Id.* Therefore, the Causeys' challenge to the Norrises not being the real party in interest because their claim was part of their bankruptcy estate was not a jurisdictional issue. "This means that even if the Causeys are correct that the trustee should have brought this suit, that would not entitle them to relief under Rule 60(b)(4)." *Id.* (footnote omitted).

These cases demonstrate that even though the Fifth Circuit used the phrase "exclusive standing" when referring to the bankruptcy trustee's authority to bring suit on claims that were part of a bankruptcy estate, the Fifth Circuit's use of the phrase did not mean constitutional standing affecting subject-matter jurisdiction. If it had, it would have ordered the dismissal of the cases discussed above for lack of jurisdiction, but it did not do so. *Cf., e.g.*, *Hotze v. Burwell*, 784 F.3d 984, 991 (5th Cir. 2015) (ordering district court to dismiss case for want of jurisdiction due to plaintiff's lack of standing because plaintiff did not allege he suffered an injury in fact). Thus, the Texas Supreme Court in *Douglas*, and this Court in *Smith*, misinterpreted *In re Educators* when they read the phrase "exclusive standing" to mean constitutional standing. It appears the type of standing the Fifth Circuit was talking about in *In re Educators* and its other cases was what the United States Supreme Court described as "prudential standing":

> In recent decades, however, we have adverted to a "prudential" branch of standing, a doctrine not derived from Article III and not exhaustively defined but encompassing (we have said) at least three broad principles: the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more

–19–

appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked.

*Lexmark Int'l, Inc.*, 572 U.S. at 126 (internal quotations marks omitted).

**The Texas Supreme Court's Recent Cases on Standing Versus Capacity**

The Texas Supreme Court has recently made clear that disputes over whether a claim belongs to the plaintiff are disputes over capacity, not constitutional standing. In *Pike v. Texas EMC Management, LLC*, 610 S.W.3d 763 (Tex. 2020), a limited partner, EMC Cement BV, filed suit against other limited partners for breach of the partnership agreement. *Id.* at 772. One of the defendant limited partners asserted EMC Cement BV "lacks 'standing' as a limited partner to recover damages individually for an injury suffered by the Partnership." *Id.* at 773. In discussing constitutional standing, the supreme court stated:

> [W]e have been clear in this century that the question whether a plaintiff has established his right to go forward with his suit or satisfied the requisites of a particular statute pertains in reality to the right of the plaintiff to relief rather than to the subject-matter jurisdiction of the court to afford it. Thus, a plaintiff does not lack standing in its proper, jurisdictional sense simply because he cannot prevail on the merits of his claim; he lacks standing when his claim of injury is too slight for a court to afford redress.

*Id.* at 774 (internal punctuation, citation, and footnote omitted). As set out above, the supreme court summarized the concepts of standing and capacity: "A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." *Id.* at 778. The court held

–20–

"that a partner or other stakeholder in a business organization has constitutional standing to sue for an alleged loss in the value of its interest in the organization." *Id.* The court concluded that "the authority of a partner to recover for an alleged injury to the value of its interest in the partnership is not a matter of constitutional standing that implicates subject-matter jurisdiction." *Id.* at 775. The court also held "that the question whether a claim brought by a partner actually belongs to the partnership is likewise a matter of capacity because it is a challenge to the partner's legal authority to bring the suit." *Id.* at 779.

The following year, the supreme court applied *Pike* in a case involving a limitations issue similar to the one before us. In *Cooke v. Karlseng*, 615 S.W.3d 911 (Tex. 2021) (per curiam) (*Cooke II*), Cooke formed real estate partnerships with Karlseng and others. *Id.* at 912. He sued Karlseng and the other partners for moving partnership assets to other business entities without compensating him. Years later, after limitations had expired, he brought derivative claims on behalf of the partnerships and added the partnerships as plaintiffs. The defendants moved for summary judgment on the ground of limitations. *Id.* at 912. The trial court denied the motion for summary judgment. *Id.* at 912–13. On interlocutory permissive appeal, we reversed the denial of the summary judgment. We concluded Cooke lacked standing to bring the claims in his own name against the defendants because the injury was to the partnerships even though "[w]e [did] not question that Cooke felt the economic impact of the losses he alleges." *Cooke I*, 617 S.W.3d at 576. We

–21–

then concluded that Cooke's later-filed derivative claims and the claims filed in the name of the partnerships did not relate back to the original petition because Cooke lacked standing to assert the claims in the original petition. *Id.* at 579. The supreme court concluded our decision on the standing issue was "in direct conflict with *Pike*." *Cooke II*, 615 S.W.3d at 913–14. The supreme court remanded the limitations issue to us "to reconsider in light of *Pike*." *Id.* at 914. On remand, we concluded the amended pleading "was solely a matter of Cooke's capacity as plaintiff, . . . [and] errors in capacity may be corrected and relate back to timely filed petitions." *Cooke v. Karlseng*, No. 05-18-00206-CV, 2022 WL 1089911, at \*4 (Tex. App.—Dallas Apr. 12, 2022, pet. filed) (mem. op.) (*Cooke III*).

The supreme court's holdings in *Pike* and *Cooke II* conflict with its holding in *Douglas* that a plaintiff lacks constitutional standing to bring claims, and the trial court lacks jurisdiction to decide claims, that are part of the plaintiff's bankruptcy estate. If the supreme court had applied in *Douglas* the definitions of standing and capacity from *Pike* in the manner it applied them in *Pike* and *Cooke II*, the court would have concluded Delp had constitutional standing to bring his claims against Douglas and his law firm because the claims alleged Delp suffered an actual injury caused by Douglas's and his firm's legal malpractice. *See Cooke II*, 615 S.W.3d at 913; *Pike*, 610 S.W.3d at 778; *Douglas*, 987 S.W.2d at 881–82; *see also Spokeo, Inc.*, 578 U.S. at 338; *Heckman*, 369 S.W.3d at 154. The supreme court would also have concluded Delp's lack of authority to bring the claim was "not a matter of

–22–

constitutional standing that implicates subject-matter jurisdiction" but was "a matter of capacity because it was a challenge to [Delp's] legal authority to bring the suit." *See Pike*, 610 S.W.3d at 775, 779.

We are not the first Texas Court of Appeals to decide not to follow *Douglas*'s holding that a bankrupt debtor lacks constitutional standing to bring a claim that is part of the bankruptcy estate. In *Ramirez v. Bank of America, N.A.*, 627 S.W.3d 486 (Tex. App.—Corpus Christi–Edinburg 2021, no pet.), the court reached the same conclusion. In that case, Ramirez alleged Bank of America told him to skip some mortgage payments in order to qualify for a mortgage-modification program. *Id.* at 489. The bank assured Ramirez it would not foreclose even though he was missing mortgage payments. However, the bank did foreclose, and Ramirez's house was sold to Fannie Mae. Ramirez was unaware of the foreclosure, and he signed a loan-modification agreement with the bank and made payments under the agreement for eight years. *Id.* During that time, he filed a Chapter 7 bankruptcy proceeding, listed the property as an asset, and eventually received a discharge from the bankruptcy court. *Id.* at 489–90. When Ramirez learned of the foreclosure, he filed suit against the bank and others for wrongful foreclosure, fraud, and other torts. *Id.* at 490. Ramirez reopened his bankruptcy proceeding and listed the litigation claims as assets, "but the trustee was not added as a plaintiff." *Id.* at 490. The defendants moved for dismissal for lack of jurisdiction arguing the bankruptcy trustee had exclusive standing to assert claims on behalf of the bankruptcy estate and that

Ramirez, and not the trustee, filed the petition. *Id.* The trial court granted the defendants' plea to the jurisdiction and dismissed the claims. *Id.* The court of appeals concluded, as we have, that *Douglas* was an example of a court confusing constitutional standing with non-constitutional restrictions on the right of a plaintiff to bring a lawsuit. *See id.* at 493 ("[S]eizing on the 'exclusive standing' label from *In re Educators Group Health Trust*, they conflated prudential considerations with constitutional standing."). The court of appeals concluded the trial court erred by granting the defendants' plea to the jurisdiction. *Id.* at 494.

We conclude the supreme court has implicitly overruled its holding in *Douglas* and this Court's holdings in *Depumpo*, *Shankles*, and *Smith* that a plaintiff lacks constitutional standing to bring a claim that is in the plaintiff's bankruptcy estate and that the trial court lacks jurisdiction over such a claim.

### Application of the Correct Standard

Applying the rules of constitutional standing and capacity in this case is straightforward. As the supreme court stated in *Pike*, "A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." 610 S.W.3d at 775. In this case, Mason alleged she suffered an injury in fact, resulting from appellee's negligence, and her injuries may be redressed by a favorable judicial decision awarding her damages. Thus, she had constitutional standing to assert her claims. *See id.*; *Spokeo, Inc.*, 578

–24–

U.S. at 338; *Heckman*, 369 S.W.3d at 154. However, she lacked authority to assert her claims because that authority resided in Moser as trustee of Mason's bankruptcy estate. That defect was not jurisdictional. Therefore, contrary to appellee's assertion, Mason's original petition was not a nullity; she simply lacked capacity to bring the claim. The amended petition filed by Moser on behalf of Mason's bankruptcy estate corrected the capacity defect and related back to Mason's original petition. *See Cooke III*, 2022 WL 1089911, at *4.

We conclude Mason had constitutional standing to bring her claim when she filed her original petition in 2019, and the amended petition filed by Moser in 2021 related back to Mason's timely filed original petition. Therefore, the trial court erred by granting appellee's motion for summary judgment on the statute of limitations.

We sustain Moser's issue on appeal.

## CONCLUSION

We reverse the trial court's judgment, and we remand the cause for further proceedings.

210204f.p05

/Lana Myers//
LANA MYERS
JUSTICE

–25–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER J. MOSER,
TRUSTEE OF THE ESTATE OF
MORGAN MASON, Appellant

No. 05-21-00204-CV     V.

DILLON INVESTMENTS, LLC
D/B/A SUPER 8 ADDISON,
Appellee

On Appeal from the 160th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-08603.
Opinion delivered by Justice Myers.
Justices Osborne and Nowell
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant CHRISTOPHER J. MOSER, TRUSTEE OF THE ESTATE OF MORGAN MASON recover his costs of this appeal from appellee DILLON INVESTMENTS, LLC D/B/A SUPER 8 ADDISON.

Judgment entered this 2nd day of August, 2022.